IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN EAKIN, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NO. SA-10-CA-784-FB
)
)
UNITED STATES DEPARTMENT )
OF DEFENSE; ROBERT M. GATES, )
Secretary of Defense; UNITED STATES )
DEPARTMENT OF THE ARMY; and )
JOHN McHUGH, Secretary of the Army, )
)
    Defendants. )

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation (docket no. 35) of the United States Magistrate Judge and the parties' written objections (docket nos. 40 & 41) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a <u>de novo</u> review with respect to those matters raised by the objections. After due consideration, the Court concludes the parties' objections lack merit.

Plaintiff, who is proceeding pro se, brings this case under the Freedom of Information Act ("FOIA") seeking records and documentation regarding the burial and internment of unidentified service members who died in the Philippines as World War II prisoners of war. This Court agrees with the Magistrate Judge that the government properly denied plaintiffs' requests for fee waivers and expedited processing. To this extent, the government's motion for summary judgment (docket no. 25) shall be granted and plaintiff's motion for summary judgment (docket no. 19) shall be denied. This Court also agrees with the Magistrate Judge that, to the extent the government relies on unreasonableness as a basis for summary judgment, this argument is outside the record and, therefore, must be dismissed. Finally, this Court agrees with the remainder of the recommendations contained in the report which allow the entry of a final judgment in favor of the government.

IT IS THEREFORE ORDERED that the Report and Recommendation (docket no. 35) of the United States Magistrate Judge is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that this Court finds:

- \* The government properly denied plaintiff's requests for fee waivers and expedited processing. For this reason and to this extent, the government's motion for summary judgment (docket no. 25) is GRANTED and plaintiff's motion for summary judgment (docket no. 19) is DENIED.

* To the extent the government relied on unreasonableness as a basis for summary judgment, this argument is DISMISSED as outside the administrative record.

* Plaintiff's motion to strike Mr. Chambers' affidavit (docket no. 26) is GRANTED because it supports the government's unreasonableness argument.

* Plaintiff's motion to strike the government's response (docket no. 30) is DENIED because the response is responsive to plaintiff's arguments. The Court declines, however, to consider that portion of the government's response which addresses unreasonableness because, as found above, this portion of the government's argument is outside the administrative record.

* To the extent plaintiff seeks summary judgment regarding the government's calculation of fees, it is not necessary to consider whether the government's initial estimate was correct because plaintiff asked for the records in electronic form and the estimate addressed the cost of paper copies.

* To the extent plaintiff sought review of the government's reliance on the privacy exemption, (docket no. 19 at 20-22), the government has since determined the exemption does not apply and produced responsive information. The argument is therefore moot.

* Because the individual officers are not proper parties to a lawsuit under the FOIA, Robert M. Gates, Secretary of the Department of Defense and John McHugh, Secretary of the Army, are DISMISSED as defendants.

Having accepted these recommendations, a final judgment in favor of the Department of Defense and the Department of the Army shall be entered.

IT IS FINALLY ORDERED that above-styled and numbered cause is DISMISSED WITH PREJUDICE. Motions pending with the Court, if any, are Dismissed as Moot.

It is so ORDERED.

SIGNED ⟶ 23 day of January, 2012.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE